UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN EDWARDS,

    **Plaintiff,**

v.                                    CASE NO.:

PEPSICO, INC., and
SVC MANUFACTURING, INC.,

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Steven Edwards, by and through undersigned counsel, brings this action against Defendants, PepsiCo, Inc., and SVC Manufacturing, Inc., and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages, and for declaratory relief, for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 et seq., Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and for violations of 42 U.S.C. § 1981 ("Section 1981").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Osceola County which is in this district.

## PARTIES

4. Plaintiff is a resident of Tarrant County, Florida.

5. Defendant operates a beverage production plant in Kissimmee, in Osceola County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA.

10. At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA.

11. Thus, Plaintiff is a member of a protected class, and on account of his protected status, Plaintiff benefits from the protections of Title VII.

12. Plaintiff, an African-American, is a member of a protected class, and on account of his protected status, Plaintiff benefits from the protections of Title VII.

13. Plaintiff is also a member of a protected class of persons under Section 1981.

14. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

15. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

16. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

17. Defendant PepsiCo is the owner of Defendant SVC Manufacturing. The two companies share common ownership and management. Defendant PepsiCo exercised control over the wages, hours, and working conditions of Plaintiff. Defendant PepsiCo further controlled the payroll practices of SVC. Thus, Defendants were joint employers of Plaintiff.

## FACTS

18. Plaintiff began working for Defendant on April 21, 2008 as a Machine Operator, and worked in this capacity until September 24, 2020.

19. Plaintiff is fifty-four (54) years of age.

20. Plaintiff is also African-American.

21. On or about May 16, 2019, Defendant posted a position for a Line One Team Lead in its Gatorade Plant in Poinciana, Florida.

22. Plaintiff, along with three other employees, applied for the position.

23. The other two applicants for the position included another African-American employee, Brian Watson ("Watson"), in his forties (40's) and another employee, Joel Leon "Leon"), who is Hispanic and in his thirties (30's).

24. At the time of his application, Plaintiff had eleven (11) years of experience working for Defendant. Leon, on the other hand, had only fourteen months of experience with Defendant.

25. The promotional process included an interview in front of a panel consisting of one individual who is Hispanic, Yngrid Hutchins ("Hutchins") and two other individuals who are Caucasian.

26. The majority of the managerial positions at this facility are Hispanic.

27. On or about June 20, 2019, Plaintiff learned that Leon, the Hispanic employee with only fourteen months of experience was selected as the new Line One Team Lead.

28. On or about September 10, 2019, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission, ("EEOC") for age and race discrimination.

29. On or about September 20, 2019, Defendant's Human Resources Manager, Melissa Menendez ("Menendez"), called Plaintiff into the office.

30. Present with Menendez on September 20, 2019 were Menendez and Steven Brewster ("Brewster"), Resource for "D" Shift.

31. Menendez began the meeting by telling Plaintiff that Defendant was put on notice of Plaintiff's complaint of age and race discrimination to the EEOC. Menendez asked if Plaintiff would like to provide more information, to which he declined.

32. Menendez then followed by telling Plaintiff that there had been racial discrimination charges levied against Plaintiff. Specifically, the allegations were that Plaintiff made racial comments about Puerto Ricans during breaks.

33. Prior to September 20, 2019, Plaintiff had never been made aware of any allegations against him.

34. Defendant's policy is to address complaints made against employees immediately, but no such complaint had ever been addressed with Plaintiff.

35. Plaintiff was not provided with any information about who made the allegations or when.

36. In or about October 2019, Plaintiff applied for a promotion a second time. This position was for the "D" Shift Team Lead for Line One.

37. Again, Plaintiff had eleven (11) years of experience working on Line One.

38. Plaintiff's competition for the promotion this time, included an forty-two (42) year old African-American employee with two (2) years of experience with Defendant and a twenty-eight year old African-American employee with one (1) year of experience with Defendant.

39. On or about October 8, 2019, Defendant informed Plaintiff that it selected the forty-two (42) year old employee for the position.

## COUNT I – ADEA VIOLATION
### (As to Defendant PepsiCo)

40. Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 17-39 of this Complaint, as though fully set forth herein.

41. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

42. Plaintiff was subjected to disparate treatment based on his age.

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of the ADEA;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to his prior position with back pay plus interest, or in the alternative, front pay;

    f) Liquidated damages in an amount equal to Plaintiff's total damages;

    g)    Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

### COUNT II – ADEA RETALIATION
### (As to Defendant PepsiCo)

45. Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 17-39 of this Complaint, as though fully set forth herein.

46. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

47. Plaintiff engaged in protected activity under the ADEA by filing a complaint with the United States Equal Employment Opportunity Commission.

48. Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by denying Plaintiff a promotion on two occasions.

49. Defendant's actions were willful and done with malice.

50. In denying Plaintiff a promotion on two occasions, Defendant took material adverse action against Plaintiff.

51. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) An injunction restraining continued violation of the ADEA;

  d) Compensation for lost wages, benefits, and other remuneration;

  e) Reinstatement of Plaintiff to a position comparable to his prior position with back pay, or in the alternative, front pay;

  f) Liquidated damages in an amount equal to Plaintiff's total damages;

  g) Prejudgment interest on all monetary recovery obtained.

  h) All costs and attorney's fees incurred in prosecuting these claims; and

  i) For such further relief as this Court deems just and equitable.

## **COUNT III – TITLE VII VIOLATION (DISCRIMINATION) (As to Defendant PepsiCo)**

52. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 11-12, and 17- 39 of this Complaint, as though fully set forth herein.

53. Plaintiff is a member of a protected class under Title VII.

54. Plaintiff was subjected to disparate treatment on the basis of his race, including denying Plaintiff promotions repeatedly and raising false allegations against him.

55. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

56. Defendant's actions were willful and done with malice.

57. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of Title VII by Defendant;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Any other compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained.

(i) All costs and attorney's fees incurred in prosecuting these claims; and

    (j)    For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION
### (As To Defendant PepsiCo)

58.    Plaintiff realleges and readopts the allegations of paragraphs 1-8, 11-12, and 17-39 of this Complaint, as though fully set forth herein.

59.    Plaintiff is a member of a protected class under Title VII.

60.    Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

61.    Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by failing to promote Plaintiff and levying false allegations against him.

62.    Defendant's actions were willful and done with malice.

63.    In failing to promote Plaintiff and levying false allegations against him, Defendant took material adverse action against Plaintiff.

64.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

    (c)    That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

    (d)    That this Court enter an injunction restraining continued violation of Title VII by Defendant;

    (e)    Compensation for lost wages, benefits, and other remuneration;

    (f)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

    (g)    Front pay;

    (h)    Any other compensatory damages, including emotional distress, allowable at law;

    (i)    Punitive damages;

    (j)    Prejudgment interest on all monetary recovery obtained.

    (k)    All costs and attorney's fees incurred in prosecuting these claims; and

    (l)    For such further relief as this Court deems just and equitable.

**COUNT I – 42 U.S.C. § 1981 VIOLATION**
**(RACEDISCRIMINATION)**
**(As To Both Defendants)**

65.    Plaintiff realleges and readopts the allegations of Paragraphs 1-8 and 13-39 of this Complaint, as though fully set forth herein.

66. Plaintiff is a member of a protected class of persons under Section 1981.

67. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

68. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

69. Defendant's actions were willful and done with malice.

70. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

71. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)
### (As To Both Defendants)

72. Plaintiff realleges and readopts the allegations of Paragraphs 1-8 and 13-39 of this Complaint, as though fully set forth herein.

73. Plaintiff is a member of a protected class of persons under Section 1981.

74. By complaining about the racial discrimination he experienced at work, Plaintiff engaged in protected activity under Section 1981.

75. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

76. Defendant's actions were willful and done with malice.

77. Defendant's retaliation was based solely on Plaintiff's exercise of his

right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

78. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

79. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of September, 2021.

        Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**